John H. McCALL, Appellant,

v.

Arthur O. DYKES, Jr., Appellee.

No. 14500.

Court of Civil Appeals of Texas.

San Antonio.

June 15, 1966.

First Rehearing Denied July 13, 1966.

Second Motion for Rehearing Denied
Sept. 21, 1966.

Michael Rizik, Phillip Palmer, San Antonio, for appellant.

Earle Cobb, Jr., San Antonio, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment of the County Court at Law No. 3, of Bexar County, Texas, for the sum of $640, together with interest, in favor of appellee, Arthur O. Dykes, Jr., against appellant, John H. McCall.

Appellant's first contention is that the court erred in overruling his plea in abatement. This plea was based upon the contention that appellee's pleadings were too vague and general to state a cause of action. The suit was brought upon a sworn account. The account was based partly upon a provision of a written contract for architectural services to be rendered by appellee, and providing that a reasonable fee would be due for services rendered to date of abandonment if such contract should be abandoned.

Appellant did not seek a ruling upon his plea in abatement and special exceptions, until the day the case was set for trial, at which time the trial court heard and overruled the same. The trial court permitted appellee to file an amended pleading in which he brought the contract into the case by adopting it by reference. There was no plea of surprise to this pleading and no objection to the introduction of the contract.

The court then heard the evidence and found in effect that the contract had been abandoned and that appellee was entitled to recover the sum of $640.00 for serv-

ices rendered under the terms of the contract. The court did not err in overruling the plea in abatement and exceptions.

Appellant next complains because appellee was permitted to amend and plead the written contract by adopting it as a part of his pleadings. There was no error in this. The contract had first been pled by appellant.

The judgment rendered by the court is supported by the evidence, and it is affirmed.

### On Motion for Rehearing.

Appellant in his motion for a rehearing says, "You will search in vain for any pleadings filed by Appellee wherein a written contract is even mentioned." In this appellant is correct. The contract was plead by appellant in his "First Supplemental Answer" in the following language, to-wit: "in truth and in fact the relationship between Plaintiff and Defendant arises out of a duly executed contract dated February 10, 1965, in which the services to be performed by Plaintiff and the compensation to be paid by Defendant are set out in detail, and Plaintiff's cause of action, if any he has, against Defendant, should be based on the covenants contained in said contract. Plaintiff is in possession of the original of said contract between Plaintiff and Defendant and demand is hereby made upon said Plaintiff to produce the original of said contract in Court at the time of the hearing of this cause or Defendant will introduce a photocopy of same."

Appellee did produce this contract and introduced it in evidence. It was unnecessary for appellee to plead this contract when it had been so fully plead by appellant.

Appellant also states in his motion that the Court was in error in stating in its opinion, "The trial court permitted appellee to file an amended pleading in which he brought the contract into the case by adopting it by reference." In this contention

appellant is correct. The contract was brought into the case by appellant's First Supplemental Answer, as above set out.

We are glad to make these corrections, but they in no way change our decision of the case.

We have carefully considered appellant's motion for a rehearing and the same is overruled.